UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACHTE/NEUNTE BOLL KING BETEILIGUNGS
GMBH & CO KG,

        Plaintiff,

vs.                           Case No. 2:11-cv-70-FtM-29SPC

NELSON PALMER,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Application for Entry of Default Judgment Against Defendant Nelson Palmer (Doc. #16) filed on August 4, 2011. No responses have been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

On February 17, 2011, plaintiff filed a Complaint for Copyright Infringement and Demand for Jury Trial (Doc. #1) against Nelson Palmer (defendant or Palmer) alleging copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*). After service of process and finding no response to the Complaint, plaintiff sought a Clerk's default against defendant. On March 21, 2011, a Clerk's Entry of Default (Doc. #14) was entered.

Therefore, all prerequisites for a default judgment have been met. See Fed. R. Civ. P. 55(a).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted). Taking all allegations as true, plaintiff is the holder of a valid and exclusive copyright for the motion picture Far Cry, and is responsible for its marketing, sale, and distribution. (Doc. #1, ¶¶ 7-8.) Defendant, without permission or consent, used BitTorrent, an online peer-to-peer distribution system, to reproduce and distribute the motion picture Far Cry to the public. (Id., ¶¶ 10, 20.) Defendant's acts constitute infringement, were intentional, willful, malicious, and caused damaged to plaintiff. (Id., ¶¶ 23, 27, 29.) In the Complaint, plaintiff seeks a permanent injunction, statutory damages, and reasonable attorney's fees and costs.

In support, plaintiff filed the Declaration of Jeffrey W. Weaver (Doc. #16-1), who is counsel of record with personal

knowledge, as follows: A Complaint was filed in the District of Columbia against unnamed Doe defendants, identified only by the Internet Protocol (IP) addresses assigned to each of them by their internet service providers. Doe Defendant with IP address 98.208.195.75 was identified by the provider Comcast Cable Communications as Nelson Palmer. Based on a public records search, Palmer is not an infant or incompetent person and not in military service. (Doc. 16-1, ¶¶ 2-3.) The Court finds that the allegations, deemed admitted, are sufficient to support default judgment.

Under Title 17, United States Code, Section 504, an infringer is liable for a copyright owner's actual damages or statutory damages. Plaintiff has elected to seek statutory damages, which allows for recover of not less than $750 or more than $30,000, as considered just. 17 U.S.C. § 504(c)(1). If wilfulness is found, the Court has the discretion to increase the award to a sum not more than $150,000.00. 17 U.S.C. § 504(c)(2). Plaintiff seeks statutory damages in the amount of $30,000 and costs and attorney's fees in the amount of "at least" $2,765. (Doc. #16, pp. 15-16.) The Court will grant the request for statutory damages in the amount of $30,000 based on the allegations in the Complaint.

Under Title 17, United States Code, Section 505, the Court has the discretion to allow the recovery of full costs and reasonable attorney's fees to the prevailing party as part of costs. Nicholas

A. Kurtz, an associate at the firm representing plaintiff, incurred 9 hours of attorney time for this case at a rate of $295.00 per hour for a total of $2,655.00.  Plaintiff incurred expenses for obtaining the IP address in the amount of $80 and costs in the amount of $30 for service of process.  (Doc. #16-1, ¶¶ 12-14.)  The Court finds the hourly rate to be on the higher end of acceptable prevailing market rates in Fort Myers, Florida, however, the Court finds the rate is reasonable.  The hours expended in this case are also reasonable.  Therefore, the reasonable fees will be awarded. The Court will also permit recovery for service of process costs in the amount of service of process, but declines to award the $80 expended for investigative purposes as it is not truly a cost of litigation.

Plaintiff does not seek injunctive relief on default judgment, therefore, the Court will deem the request for a permanent injunction dismissed without prejudice.

Accordingly, it is now

**ORDERED**:

Plaintiff's Application for Entry of Default Judgment Against Defendant Nelson Palmer (Doc. #16) is **GRANTED**.  The Clerk shall enter judgment in favor of plaintiff and against defendant awarding statutory damages in the amount of $30,000.00, plus attorney's fees in the amount of $2,655.00, and costs in the amount of $30.00.  The

Clerk is further directed to terminate all deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of October, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record